# M'Kennan's Appeal.

1. When an executor applies the funds of the estate to the payment of his own debts, it is such a mismanagement of the estate as entitle the parties interested to demand security.

2. The solvency of an executor is no answer to an act of mismanagement.

APPEAL from the decree of the Orphans' Court of *Indiana county.*

James M'Kennan, by his will proved in 1845, appointed John Shryock, Leonard Shryock and James A. M'Cahan, his executors. The Messrs. Shryock alone discharged the duties of exe-

cutors until 1855, when they settled their account and were discharged. M'Cahan then assumed the duties of executor. The appellant who is the widow of the testator, and entitled under the will to the annual interest of $10,000, petitioned the Orphans' Court for a citation to M'Cahan, to require him to give security, and on default thereof to be discharged from office; and showed as a reason therefor that in November, 1855, he was indebted on his own account to Alexander White, in a sum exceeding $2000. At the same time Judge White was indebted to the estate of M'Kennan, deceased, in a large amount, and M'Cahan paid his debt to Alexander White, by a draft on Judge White for the amount, and Judge White thereupon was discharged from his liability to the estate of M'Kennan. In his partial account M'Cahan charges himself with $3000 received from Judge White.

These facts were undisputed by the executor, either by answer or proof; but relying exclusively on the fact that he was the owner of property, greater in value than the amount thus wasted or misapplied, the court refused to require him to give security, and from that order this appeal is taken by Julia Ann M'Kennan, widow of the testator.

*Blair* and *Todd*, for appellant, argued that the facts showed a wasting and mismanagement on the part of the executor, and that he was clearly brought within the provisions of the Act of 29th March, 1832, Bright. Purd. 215 ; and the Act of 22d April, 1846, relative to testamentary trustees. That the applying of the funds of the estate to the payment of his own debts was waste or mismanagement. 2 Williams on Executors, 1529 ; *John Wilson's Estate*, 2 B. 230.

*Stewart*, for appellee, argued that the fact of the executor's vesting a portion of the testator's money in himself, did not amount to waste or mismanagement, when he charges himself with it in his own account, and is authorized by the will to retain it in his hands for a legitimate purpose.

The opinion of the court was delivered January 10, 1857, by

LEWIS, C. J.—The executor has applied over two thousand dollars of the assets to the payment of his own liabilities. This is such a mismanagement of the estate as entitles the parties interested to demand security under the Act of 29th March, 1832. See 2 Williams on Executors, 800, 801, 1529 ; 5 Randolph's Rep. 195. The solvency of an executor is no answer to an act of mismanagement. There is no hardship in requiring security whenever under the circumstances described, the court have the power to do so. If the executor be unwilling to give it, he can resign the trust.

The decree of the Orphans' Court is reversed, and the record remitted, with directions to require security according to law.